UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETOP UDO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>            Defendants. | Case No. 24-cv-01310-LJC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## I. INTRODUCTION

Plaintiffs Etop Udo and Legal Task Help, LLC bring several claims against Defendants Bank of America, N.A.; U.S. Bank; Wells Fargo Bank, N.A.; and Bank of the West. For the reasons discussed below, Plaintiffs are ORDERED TO SHOW CAUSE why this case should not be dismissed sua sponte for failure to serve process within the time allowed, and based on the res judicata effect of a previous case filed by Udo, Case No. 23-cv-02935-JSW.

## II. FAILURE TO SERVE

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This case was filed on March 4, 2024. *See generally* Compl. (ECF No. 1). Allowing for the fact that ninety days from that date was a Sunday (June 2, 2024), the deadline to complete service was therefore June 3, 2024. There is no indication in the docket that any defendant has been served to date. Plaintiffs are ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to serve process within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.

### III. RES JUDICATA

Plaintiffs' Complaint here is word-for-word identical to the First Amended Complaint in Udo's previous case, except for: (1) the addition of Legal Help as a plaintiff in the caption and in two paragraphs of the present Complaint; and (2) a corrected citation to federal statutes rather than a California statute addressing venue. *See* Compl. ¶¶ 1, 8; *see generally* Case No. 23-cv-02935-JSW, ECF No. 20 (1st Am. Compl.). Judge White granted Defendants' motion to dismiss that previous case, concluding that "leave to amend would be futile" and dismissing the case "with prejudice." *Udo v. Wells Fargo Bank, N.A.*, No. 23-cv-02935-JSW, 2023 WL 8600791, at *5 (N.D. Cal. Dec. 12, 2023). He entered judgment accordingly on December 12, 2023. Case No. 23-cv-02935-JSW, ECF No. 67. Udo appealed, but the Ninth Circuit dismissed that appeal for lack of jurisdiction because Udo filed it too late, leaving the judgment entered by Judge White undisturbed. Case No. 23-cv-02935-JSW, ECF No. 73. The same attorney who represented Udo in that previous case represents both Plaintiffs in this case.

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction. The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (cleaned up). As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds "where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Id.* at 1054 (cleaned up). Each of the elements of res judicata appears to be satisfied here.

As noted above, the Complaint here is virtually identical to the First Amended Complaint in Udo's previous case. It asserts identical claims based on identical facts, thus meeting the first element of res judicata.

"Unless the dismissal order states otherwise, a dismissal [ordinarily] operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Judge White's dismissal of Udo's previous case did not "state[] otherwise," *see id.*, but instead made clear that it served as dismissal "with

1  prejudice." *Udo*, 2023 WL 8600791, at *5. Nor does it fall within any of the exceptions to Rule
2  41(b)'s presumption of an adjudication on the merits, such as a dismissal for lack of jurisdiction or
3  a voluntary dismissal under Rule 41(a). *See generally id.*; Fed. R. Civ. P. 41(a), (b). That
4  dismissal therefore served as a "final judgment on the merits," satisfying the second element for
5  res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing Rule 41(b) to hold
6  that an order granting a motion to dismiss served as a final judgment on the merits for the purpose
7  of res judicata).

8        Finally, the Complaint also appears to indicate that there is privity between the parties.
9  "Privity is a legal conclusion designating a person so identified in interest with a party to former
10 litigation that he represents precisely the same right in respect to the subject matter involved."
11 *Headwaters*, 399 F.3d 1047 at 1052–53 (cleaned up). Udo is an identical party in both cases, so
12 res judicata applies to his own claims reasserted here. Although Legal Task Help, LLC is a new
13 plaintiff here, the Complaint defines the terms "'Plaintiff' and/or 'Udo'" to refer jointly to Udo
14 and the LLC, Compl. at 1 (Introduction), and otherwise never mentions the LLC again except to
15 state that it "is a California LLC," *id.* ¶ 1. Because the Complaint recites the exact same facts and
16 claims as in the previous action, concerning unauthorized access to Udo's accounts and disclosure
17 of his personal information, whatever interest the LLC might be asserting here appears to be
18 identical to Udo's for the purpose of privity—as is reinforced by the Complaint's wholesale
19 conflation of Udo and the LLC through the use of a single defined term for both Plaintiffs. *See*
20 *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995) (holding that a "'near alter
21 ego' relationship would be sufficient to establish 'privity'" for the purpose of res judicata).

22       That said, the Ninth Circuit has cautioned against sua sponte dismissal of claims brought
23 by new plaintiffs based on assumptions about privity when there is no factual record of either the
24 relationship between the new and old plaintiffs or the extent to which the new plaintiff's interests
25 were adequately represented in the previous case. *Headwaters*, 399 F.3d at 1054–57. "[A]dequate
26 representation is a due process prerequisite to precluding a litigant from his day in court if he was
27 not a party to the earlier litigation," and includes (among other considerations) whether the new
28 plaintiff had notice of the previous litigation. *Id.* at 1054–55.

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE why their claims should not be dismissed based on res judicata. If Plaintiffs believe that Legal Task Help, LLC is not in privity with Udo or was not adequately represented in the prior litigation before Judge White, they must include any relevant evidence to that effect with their response.

## IV. CONCLUSION

Plaintiffs must file a response to this Order no later than August 9, 2024 explaining why this case should not be dismissed for failure to serve process within the time allowed by Rule 4(m), and based on the doctrine of res judicata. If Plaintiffs do not file a response by that deadline, or their response fails to resolve the issues identified in this Order, this case will be reassigned to a United States district judge with a recommendation that the case be dismissed.

**IT IS SO ORDERED.**

Dated: July 26, 2024

LISA J. CISNEROS
United States Magistrate Judge