**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ETOP UDO, ET AL.,**<br>    Plaintiffs,<br>vs.<br>**BANK OF AMERICA, N.A., ET AL.,**<br>    Defendants. | Case No. 4:24-cv-01310-YGR<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On July 26, 2024, Magistrate Judge Lisa J. Cisneros issued an Order to Show Cause Why Case Should Not Be Dismissed (hereinafter, the "OSC"). (Dkt. No. 20.) The OSC articulated two bases on which Magistrate Judge Cisneros believed the instant case should be dismissed: (i) plaintiffs did not timely serve defendants by June 3, 2024 in violation of Federal Rule of Civil Procedure 4(m); and (ii) *res judicata*, now referred to as issue preclusion, bars the suit.

Plaintiffs were ordered to respond to these topics by no later than August 9, 2024. The OSC explicitly stated that failure to timely respond would result in the case being "reassigned to a United States district judge with a recommendation that the case be dismissed." (*Id.* at 4.) This matter was reassigned to the undersigned on July 29, 2024, several days after the OSC issued and without plaintiffs having filed a response. (Dkt. No. 23.) Since reassignment, plaintiffs have taken no action. Thus, the OSC remains outstanding. The Court turns to considering whether plaintiffs' failure to respond to the OSC warrants dismissal.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (i) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002.)

The Court examines each factor in turn, as is required: *One*, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* at 642 (cleaned up). *Two*, "the Court must be able to manage its docket 'without being subject to routine noncompliance of litigants.'" *Bush v. Brown Farms*, No. 20-cv-03275-JD, 2021 WL 1087453, at *1 (N.D. Cal. Mar. 22, 2021) (quoting *Pagtalunan*, 291 F.3d at 642)). Thus, the second factor favors dismissal. *Three*, plaintiffs have "offered no explanation for [their] failure[s]" as they have not filed anything on the docket in the 20 days since the OSC was entered. *Id.* This factor favors dismissal. *Four*, "the [c]ourt's issuance of the [OSC] satisfies the consideration of [the] less drastic sanctions requirement." *Id.* at *2. *Five*, while "the public policy favoring disposition of cases on their merits [] might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it." *Id.* Accordingly, the Court finds that the factors weigh in favor of dismissal.

For the foregoing reasons, the Court determines plaintiffs' failure to comply with the OSC warrants dismissal under Rule 41(b). The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: August 15, 2024

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**